MEEK v. BUNKER *et al.*

Execution: DEATH OF JUDGMENT PLAINTIFF: INJUNCTION. A levy of an execution issued after the death of the judgment plaintiff cannot be sustained without the indorsement on the execution provided for by section 3284 of the Revision; and the sale thereunder will be enjoined on application of the defendant.

*Appeal from Washington District Court.*

WEDNESDAY, FEBRUARY 21.

ACTION in equity to enjoin a levy and sale under execution, and to cancel and set aside the judgment upon which it was issued. The judgment plaintiff, Henry Van Pelt, the sheriff, A. Bunker, and three attorneys who were concerned in issuing the execution, were made defendants.

Afterward, one S. B. Cox, upon his petition, was allowed to intervene as defendant; and he filed an answer and cross-bill. The injunction was perpetuated, as to the original defendants, and a new judgment was entered in favor of the intervenor. The plaintiff alone appeals. For further facts, see opinion.

*McJunkin & Henderson* for the appellant.

*Patterson & Rheinhart* for the appellee.

COLE, J. — The plaintiff, in his petition, alleges that the records of the district court of Washington county show a judgment against him as rendered March 12, 1851, in favor of Henry Van Pelt; that the original papers are not on file and cannot be found; that said judgment was obtained on a transcript of a judgment from the court of common pleas of Sandusky county, Ohio, rendered March 27, 1848, for $500, debt, $32.33 damages and $4.44 costs; that said last-named judgment was obtained without any service of process whatever upon this plaintiff, the defendant therein, and without any jurisdiction in said court to render the same; that this plaintiff had a valid and subsisting defense to said claim, by way of cross demand; that it was not presented in said Ohio court; that the only defense made in the action in Iowa on said judgment was *nul tiel record*, but the court found there was such record and judgment and rendered judgment accordingly; that at said time he had a claim against said Van Pelt greater than the amount of the judgment; that Van Pelt has no property in Iowa, and has abandoned said judgment, which has never been revived; that the attorneys who are made defendants have officiously and without authority caused execution to issue, and the sheriff has levied the same upon the personal property of plaintiff and advertised it for sale; that the debt is barred and an execution could not lawfully

issue; that it was issued without authority; that the judgment is paid off in the manner aforesaid.

Afterward an amended petition was filed, in which it was averred that since filing the original petition the plaintiff had learned, and now charges, that the said Henry Van Pelt had died in Tennessee some three years before, leaving a widow and children, and an administrator of his estate had been appointed, who claims to control said judgment; that said judgment was obtained without the knowledge or authority of said Van Pelt; that it was based upon a contract by Van Pelt to sell plaintiff one hundred and sixty acres of land for $800 to be thereafter paid; that plaintiff took possession of the land, reduced eighty acres to cultivation and made other improvements of the value of $1,000 over the rents and profits; that Van Pelt afterward appropriated the improvements to himself and sold them to another; that the said improvements, etc., constitute a valid and subsisting defense by way of counter-claim to said judgment, and thereby the same is fully satisfied. The plaintiff asks that said administrator be made defendant, for a cancellation of said judgment and for injunction, etc. A temporary injunction was issued.

The defendants, including Van Pelt's administrator, answer in denial of plaintiff's allegations, etc.

Afterward, one S. B. Cox, having been allowed to intervene, filed his answer and cross-petition, in which he admits the recovery of the judgments and denies the other allegations of the petition. He avers that he purchased of Van Pelt, in August, 1847, all his titles to the land sold to plaintiff and other lands, together with his contract with this plaintiff and others; that he had liberty to use the name of Van Pelt, and did so use his name in the recovery of the judgments set out by plaintiff, and that the same were his property, and were recovered upon due service of process, and were valid and binding; that no

part has been paid, and they are still his property; he also avers that plaintiff, through his attorneys, had made him certain offers for said judgment, etc. He asks that the judgment may be revived in his name against the plaintiff; that the property levied on may be sold, and that he may have general execution for the balance, etc.

The plaintiff, in reply to the cross-petition of said Cox, denies severally the allegations thereof, and avers that the said claim for reviving the judgment is barred by the statute of limitations; that his claim for equitable relief is also barred; that the execution is void, and the property should be released, etc. Before the trial, the intervenor Cox also died, and his administrator was duly made a party defendant.

The only evidence taken in the case was by the plaintiff, and which tended to show that the execution was officiously procured to be issued by the defendant's attorneys, without any direct authority so to do; and also tended to explain the alleged offers by plaintiff's attorney to the intervenor, Cox, for the judgment, and to show Cox's claims in respect thereto; and, also, the further fact by the plaintiff himself, that there was no service of process in the case wherein the judgment in Ohio was obtained, though it fails to establish this fact satisfactorily.

The district court adjudged that the temporary injunction granted should, as against the administrator of Van Pelt, be made perpetual, and that Van Pelt did not obtain the judgment, and that his estate has no equitable interest in it, and dissolved the injunction as against the administrator of Cox's estate. The court also rendered judgment, in the usual form, in favor of Cox's administrator against Joseph Meek, for the sum of $1,392.70, the amount of said judgment of the Washington district court together with costs and interest thereon, and for the costs of this action, except such as may have been made by Van Pelt's administrator, and also ordered a *venditioni exponas* to

issue for the sale of the property levied upon under the execution enjoined, and for a further execution to satisfy any balance remaining unpaid. Van Pelt's administrator does not appeal. The only appeal is by the plaintiff, Joseph Meek.

Much of this controversy seems to have concentrated upon the authority or propriety of the conduct of the attorneys in the case, and which really has very little to do with the merits, as the case stood at the trial below, and stands now here. Viewing the whole case *de novo*, as it is presented to us in the abstract, to which neither party makes any objection, it is this: The plaintiff, by his pleadings, attacks the validity of the judgment, and avers that it is satisfied by a counter-claim he holds against the judgment plaintiff. He introduces himself as a witness, and the only testimony he gives as to the invalidity of the judgment, is, substantially, that he does not recollect that any notice was served on him of the suit in Sandusky county, Ohio. He does not say one word as to the existence of the facts, which are denied by the defendant, constituting his counter-claim. Even if it be true that no notice or process was served in the Ohio case, this would now constitute no defense to the Iowa judgment, as to which there is no question of notice, and in which case there was an appearance and defense.

On the other hand, the intervenor Cox, by his pleading, claims to be the owner of the judgment, and he sets forth the facts upon which he bases his claim thereto. This claim is denied by the plaintiff, and the facts stated as constituting it are also controverted. There is not one word of evidence offered in support of the claim. And, again, the said intervenor Cox asks that the judgment be revived in his name. But the court does not simply grant the relief asked; it goes very much further, and actually renders a new judgment in favor of Cox's administrator for the amount of the old one in favor of Van Pelt,

together with the interest and costs thereon. Thereby the intervenor gets more than he asks, and this, too, without offering any testimony (so far as the case before us shows) in support of even what he asks.

It also appears as an uncontroverted fact, that Van Pelt, in whose name the execution was issued and the levy made, had been dead for three years when the execution issued. This execution could not have vitality sufficient to sustain a levy, without the indorsements (in the nature of an *ex parte* revivor) provided for by Revision, section 3482; and when such indorsements are made, if not properly made, the defendant in the execution may obtain an injunction against its levy, etc. Sec. 3486. The district court gave to the execution thus issued and levied in the name of a dead plaintiff, full force and complete validity. It would seem reasonable to hold that if an execution on a judgment, when the plaintiff is dead, may be enjoined for that the administrator is not properly stated in the indorsement, that it may also be enjoined if no indorsement at all is made. But while it is true that Cox's administrator fails to offer any sufficient evidence to show his ownership of the judgment, and thereby entitle himself to be declared its owner, as against the plaintiff in the said judgment or his administrator, yet, since the judgment in this case finds that said Van Pelt's administrator (the plaintiff in said judgment) has no equitable interest in said judgment, and is perpetually enjoined from attempting to enforce it, and since the plaintiff has failed to show any sufficient reasons or facts why said judgment should not be enforced against him; and since, also, the said Van Pelt's administrator has failed to appeal from the judgment in this case against him, we see no reasonable ground upon which to deny to Cox's administrator the relief asked by him, to wit: that the judgment may be revived, so far as, under our statute, he may be entitled thereto.

Since, however, the execution was issued in the name of the dead plaintiff, and not properly indorsed, the plaintiff had a right to enjoin it. Rev., §§ 3482–3486. To that extent the injunction should be made perpetual. The execution being invalid, the property levied upon under it could not be held; nor could it be sold under a *venditioni exponas;* the levy must be discharged. Defendants must pay the costs of the court below and of this appeal.

Modified and affirmed.