W. W. CRAWFORD, Appellant, v. WILLIAM ZIEMAN et al., Appellees.

**JUDGMENT: Void Judgment—Collateral Attack.** A void judgment may be attacked in any proceeding in which the judgment is sought to be enforced.

*Appeal from Madison District Court.*—H. S. DUGAN, Judge.

NOVEMBER 22, 1921.

ACTION at law, in which appellant asks judgment against defendant Zieman on the answer of the garnishee. In plaintiff's application for judgment, he alleged that he obtained judgment against Zieman in the Madison County, Iowa, district court, for $119.30, November 29, 1899; that execution was issued February 8, 1919, and the executrix garnisheed, who made answer that she had in her possession $141.74 belonging to the principal defendant; that Zieman had been a nonresident of Iowa for 15 years last past. Zieman, the principal defendant, resisted plaintiff's application: First, because the purported judgment upon which the execution was issued was void, for the reason that no service of original notice of that action was ever made upon him; second, that the plaintiff had voluntarily brought suit on

this alleged judgment in the North Dakota courts, seeking to recover upon this same judgment; and that, upon the trial of that case, the Dakota court found that there had been no service of notice upon defendant, and that the judgment was void. Appellees contend that this last matter is an adjudication that the alleged judgment is void. The trial court found for defendants. Plaintiff appeals.—*Affirmed.*

*Leo C. Percival*, for appellant.

*W. S. Cooper, A. W. Wilkinson*, and *Phil R. Wilkinson*, for appellees.

PRESTON, J.—1. Appellant contends that the proceedings alleged to have taken place in the North Dakota courts were not properly authenticated, so that the plea of former adjudication is not sustained. As we understand it, the trial court so held.

2. The return on the original notice purports to have been personally served on the defendant in Madison County, Iowa, November 15, 1899, by a deputy sheriff. There appears to have been some informality in the service, as shown by the return; but the trial court found that the return was in substantial compliance with the statute, and that the return is entitled to all the legal presumptions. The defendant Zieman denies that any original notice was ever served upon him. Other witnesses and circumstances corroborate him. The return of the officer is and ought to be entitled to great weight, but it is not conclusive, as contended by appellant. The trial court found that no original notice was served upon the principal defendant. Appellant concedes that the proceeding is at law. The finding of the trial court upon conflicting evidence is conclusive upon us.

3. Appellant cites Code Section 4364, providing that a suit to enjoin collection of a judgment must be brought in the same court that rendered the judgment, and cites other cases to the point that the district court of one county has no jurisdiction in regard to a judgment in the district court of another county, and that one court cannot interfere with the action of another court of co-ordinate authority. This is not the rule, where a judgment is void. This judgment was void, if there was no serv-

ice of notice; and in that case, the validity of the judgment may be attacked, as it was attacked in this case, by the defendant. *Heisinger v. Modern Brotherhood,* 192 Iowa 46, and cases therein cited.   If the judgment is void, an execution issued under such a judgment is void.   *Cooley v. Barker,* 122 Iowa 440; *Heisinger v. Modern Brotherhood,* supra; *Williamson v. Williamson,* 179 Iowa 489, 494.   In the last named case, it was held that a void judgment is no judgment at all, and no rights are acquired by virtue of its entry of record.   The judgment is— *Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.