R. A. Gohring et al., Appellants, v. E. F. Koonce et al., Appellees.

No. 44275.

March 15, 1938.

W. W. White, E. H. Lundy, D. W. Dickinson, and John L. Butler, for appellants.

Sterling Alexander and C. F. Richards, for appellees.

HAMILTON, J.—On February 27, 1919, W. G. Gohring obtained a judgment upon a promissory note against the defendant, Lenora Koonce. Gohring died testate on June 3, 1924, leaving eight beneficiaries to whom he bequeathed his property. His estate was closed on May 26, 1926. Almost ten years later, to wit, March 14, 1934, the plaintiffs, appellants, who were two of the eight beneficiaries named in W. G. Gohring's will, caused execution to issue on said judgment. Under this execution J. P. Sawyer, as administrator of the estate of Charles J. Sickenger, deceased, was garnished as a supposed debtor of Lenora Koonce, the above judgment debtor. The garnishee answered, admitting the said Lenora Koonce was an heir at law of said deceased, and had a one-fourth interest in certain property in the administrator's hands. Thereafter, on August 10, 1934, judgment was entered in the garnishment matter, the court finding that, under the answer of the garnishee, plaintiffs were entitled to a lien on the one-fourth interest of said Lenora Koonce in said estate and established said lien as of the date of the service of the notice of garnishment. The order provided for the issuance of special execution for the sale of said interest to satisfy said original judgment. There was no further or other judgment entered against the garnishee. On March 4, 1935, on motion of Lenora Koonce, the court entered an order quashing the execution and return thereon, for the reason that said execution did not bear the proper endorsements of ownership of the judgment under the provisions of sections 11749, 11750, 11751 of the Code of 1935. There was no appeal from this judgment.

About a year later, to wit, March 6, 1936, the appellants herein, claiming to be the owners of said judgment, filed what is called a supplemental petition in this original action in which judgment was entered, in which they asserted that under the levy and garnishment judgment they became seized by operation of law of the equitable title of the property in the hands of the garnishee, notwithstanding the fact the court had quashed the execution and return thereon pursuant to which the levy and garnishment judgment were obtained. They also alleged that in an effort to defraud the plaintiffs and defeat collection of said judgment, certain of the appellees conspired together and obtained from Lenora Koonce written assignments of her interest

in said estate of Charles J. Sickenger, deceased, and they asked that said assignments be cancelled, and that said property in the hands of said garnishee belonging to said Lenora Koonce be decreed to belong to plaintiffs and ordered delivered to plaintiffs, and subjected to the payment of said judgment, interest and costs, and that they have judgment against said defendants personally for the value of any property not recovered which had been transferred and delivered under said alleged fraudulent assignments, and for general equitable relief.

To this supplemental petition several preliminary motions were made by various defendants, all of which, save one, were overruled. Defendant, Lenora Koonce, filed her separate motion to cancel and set aside the garnishment judgment entered on August 10, 1934, for the reason that the execution on which the garnishment was based was quashed. This motion was ordered submitted with the case. Thereafter, the defendants filed their answer in two divisions. Division 1 thereof presented an issue of law, the substance of which being that when the execution upon which the garnishment judgment was based was quashed, the judgment was by operation of law rendered void. Defendants, availing themselves of the provisions of section 11428 of the Code, requested that this issue of law raised by the motion and division 1 of the answer be first tried, and this was consented to by plaintiffs. The case was tried on said legal issue and submitted, and decree was rendered on December 17, 1936, the court finding that the plaintiffs must fail as a matter of law, since the quashing of the execution would operate to destroy any judgment entered pursuant thereto. Accordingly, the court cancelled and set aside the garnishment judgment entered on August 10, 1934, and dismissed the supplemental petition for lack of equity at plaintiffs' costs, and plaintiffs have appealed.

■■■ After days of laborious searching through appellants' abstract, which, to say the least, is not a model for clarity of arrangement, and after giving due consideration to the very complicated brief and argument, we are quite well satisfied the trial court reached the only conclusion possible under the record. Code sections 11749 to 11752 contain the procedure to be followed where the judgment creditor is dead. The court below, Judge Garfield presiding, by order and judgment entered of record on March 4, 1935, found and determined that these statutory provisions had not been complied with, and in obedience to

the provisions of section 11752 quashed the execution and return thereon. A large part of appellants' argument is devoted to showing that Judge Garfield was wrong, that he could not do what he did do, because the matter had once been adjudicated by Judge Henderson in the rendition of the garnishment judgment under date of August 10, 1934. Much of this argument might have considerable force if this were an appeal from the Garfield judgment, but no appeal was taken from that judgment. The execution and return thereon were absolutely wiped out by Judge Garfield's order and judgment. This being true, it would seem, necessarily, to follow that the garnishment judgment entered pursuant thereto must also fall.

 Appellants contend that the motion to quash came too late, that nearly four months had passed after the garnishment judgment was entered before the motion to quash was filed, and that the execution had been served and return made, and had served its purpose and was dead, and therefore the judgment and order of the court quashing the execution and the return had no legal effect whatever on the garnishment judgment, and therefore it was not necessary to appeal from the order quashing the execution; that it was a nullity and could be entirely disregarded. We do not think so. In the first place, the garnishment judgment was not regular. There were eight beneficiaries under the will of the deceased judgment creditor, only two of whom were represented in this garnishment matter. Presumably they had an interest in the original judgment. Any adjudication without their presence would not be binding as to them, and payment of the judgment to two of the heirs only would be a precarious thing on the part of the judgment debtor. While the garnishment judgment provided for special execution, before any execution issued or any attempt was made to carry out the order of the court, the motion to quash the execution and return thereon was filed and ruled upon by the court. The record does not present a case where innocent third parties are involved, and the quashing of said execution and return in no way affected prejudicially anyone who had relied upon the validity of said execution or who had parted with any money in reliance thereon, and as between the parties the motion was timely. 23 C. J. 542, section 428 and cases cited.

 The execution and return having been quashed, the judgment had nothing to sustain it. It was as if judgment had

1190

been entered without the aid of an execution or attachment. Such a judgment would have no validity. A void judgment may be attacked in any proceeding in which the judgment is sought to be enforced. Crawford v. Zieman, 192 Iowa 559, 185 N. W. 61. We therefore conclude that the trial court was right in holding "that the plaintiffs must fail as a matter of law since the quashing of the execution would operate to destroy any judgment entered pursuant thereto." The following cases, while not on all fours with the case at bar, do present analogous fact situations, and in principle sustain the findings and conclusion reached by the court in this case: Decatur v. Simpson, 119 Iowa 488, 93 N. W. 496, 97 Am. St. Rep. 328; Meek v. Bunker, 33 Iowa 169; McConnell v. Denham, 72 Iowa 494, 34 N. W. 298; Dunham v. Bentley, 103 Iowa 136, 72 N. W. 437; Madero v. Calzado, Tex. Civ. App., 281 S. W. 328; Lopez v. Mexico-Texas Co., Tex. Civ. App., 281 S. W. 326; Mitchell v. Scott, Tex. Civ. App., 14 S. W. 2d 916; New Amsterdam Casualty Company v. Keith, Tex. Com. App., 273 S. W. 836; Hulse v. Davis, 200 Cal. 316, 253 Pac. 136; Mayo v. George, 31 N. M. 593, 248 Pac. 885; Waples on Attachment and Garnishment, 1st Ed., page 344; Iowa Law Review (Jan. 1933), Vol. XVIII, page 286; 12 R. C. L., page 860, par. 109.

It follows that the judgment and decree of the trial court must be and it is affirmed.—Affirmed.

STIGER, C. J., and ANDERSON, SAGER, MILLER, DONEGAN, RICHARDS, KINTZINGER, and MITCHELL, JJ., concur.