Kent **HUTCHESON**, Plaintiff,

v.

**IOWA DISTRICT COURT FOR
LEE COUNTY**, Defendant.

No. 90–1921.

Supreme Court of Iowa.

Jan. 22, 1992.

Rehearing Denied Feb. 19, 1992.

Kent Hutcheson, pro se.

Bonnie J. Campbell, Atty. Gen., Bruce Kempkes, and Robert J. Glaser, Asst. Attys. Gen., and Michael P. Short, Co. Atty., for defendant.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

The issues raised in this action pertain to jurisdiction. If the district court did not have subject matter jurisdiction, its finding of contempt in this case would be illegal and subject to challenge in this certiorari action. However, if the district court did have subject matter jurisdiction, then we must determine if we are deprived of appellate jurisdiction because the contemner did not timely challenge the finding. We conclude the district court had subject matter jurisdiction to make the finding of contempt and impose punishment. We also find the contemner failed to timely challenge the contempt order. We therefore annul the writ of certiorari.

## I. *Factual and Procedural Background.*

In late March and early April 1989, Kent Hutcheson, an attorney, was assaulted by Diane Davis, a girlfriend with whom he cohabitated. Apparently, this was not the first time the two parties had been involved in semi-violent disputes. As a result of the incident, Davis was charged with assault causing bodily injury, a serious misdemeanor. *See* Iowa Code §§ 708.1(2), 708.2(2)

(1989). She was released on her personal recognizance.

On April 28, 1989, no-contact orders were individually issued to both Hutcheson and Davis by District Associate Judge Max H. Ruschmeyer. The orders were issued under Iowa Code section 236.14, which provides for domestic abuse no-contact orders. The orders restrained *both* Davis and Hutcheson from having contact with the other person and their respective families. The orders also directed that each person stay away from the other's residence.

On June 1, 1989, Davis received a deferred judgment on the assault charge.[1] As a special condition of the deferred judgment, Davis was ordered to abide by the no-contact order previously issued concerning Hutcheson. However, Hutcheson and Davis continued to have contact after the issuance of the no-contact orders. Apparently as a result of these continued contacts and Davis' arrest on another assault charge, Davis' deferred judgment was revoked and sentence imposed. Based upon evidence garnered at Davis' revocation hearing, a contempt action was brought against Hutcheson in September 1989.

Hearings on the contempt charge against Hutcheson were held in October and November 1989. At this time, Hutcheson was represented by counsel. On January 2, 1990, District Judge Dan F. Morrison filed findings of fact, conclusions of law and order. The court concluded that Hutcheson was in contempt. The court fined Hutcheson $500.00 plus a fifteen percent statutory surcharge and sentenced Hutcheson to thirty days in jail, which sentence was suspended. He was placed on probation for one year and was ordered to participate in counseling sessions as requested by his probation officer. Hutcheson did not appeal or challenge the court's contempt order. Hutcheson promptly paid the fine and costs.

On August 7, 1990, a probation violation complaint was filed against Hutcheson. The complaint alleged that Hutcheson did

---

1. Although no criminal charges were brought against Hutcheson, his license to practice law in this state was suspended for testifying falsely under oath in Davis' criminal proceedings. *See Committee on Professional Ethics & Conduct v. Hutcheson,* 471 N.W.2d 788 (Iowa 1991).

not comply with the condition in his probation agreement regarding mandatory counseling. After a hearing, by order dated September 14, 1990, Judge Morrison found that Hutcheson had violated the terms of his probation and ordered that the probation be revoked. Hutcheson was ordered to serve seven days in jail. Hutcheson surrendered himself and served his jail time.

On October 4, 1990, a "motion to vacate all orders, rulings, findings and set aside all fines costs sentences as they pertain to Kent Hutcheson" was filed. Following hearing, Judge Richard J. Vogel denied Hutcheson's motion. In its ruling, after commenting that the record "read like a cheap novel," the court suggested that any further proceedings should be by way of an appeal rather than by delinquent filings.

Hutcheson took the court's suggestion to heart and appealed. We treated the notice of appeal as a petition for writ of certiorari. Iowa R.App.P. 304.

## II. *Challenges to Subject Matter Jurisdiction.*

It is a well-settled rule that subject matter jurisdiction can be raised at any time, even for the first time on appeal. *See, e.g., Pierce v. Pierce,* 287 N.W.2d 879 (Iowa 1980); 1 A. Vestal & P. Wilson, *Iowa Practice* § 8:01 (1983). Furthermore, "[t]he effect of action taken by a court without jurisdiction of the subject matter is that the action is void." *In re Gardiner,* 287 N.W.2d 555, 559 (Iowa 1980). We have long held that a void judgment remains subject to collateral attack. *See, e.g., Marshfield Homes, Inc v. Eichmeier,* 176 N.W.2d 850, 851 (Iowa 1970), and cases cited therein. *See also Gail v. Western Convenience Stores,* 434 N.W.2d 862 (Iowa 1989); *Wederath v. Brant,* 287 N.W.2d 591 (Iowa 1980). We have also held that a void judgment may be attacked in any proceeding in which the judgment is sought to be enforced. *Gohring v. Koonce,* 224 Iowa 1186, 278 N.W. 283 (1938) (citing *Crawford v. Zieman,* 192 Iowa 559, 185 N.W. 61 (1921)). This law leads us directly to the question of whether the district court's

finding of contempt was void for lack of subject matter jurisdiction thus allowing it to be collaterally attacked in this certiorari action.

## III. *The District Court's Finding of Contempt.*

The gravamen of Hutcheson's appeal, as can best be garnered from his rambling brief, is that he was not amenable to a no-contact order. Hutcheson argues that, pursuant to Iowa Code section 236.14, he could not be subject to a no-contact order since he was the victim, not the perpetrator of the alleged assault. Hutcheson then argues that, since the district court did not have subject matter jurisdiction to issue a no-contact order to him, he could not be held in contempt for violating that order. He urges the contempt order is illegal without subject matter jurisdiction.

Although Hutcheson's argument may have some merit, there is one major problem with it—Hutcheson was not, as he contends, found in contempt for violating the no-contact order issued to him. Rather, he was found in contempt for aiding and abetting Davis in violating the no-contact order issued to her as well as other orders issued to her.

The following additional facts control our disposition of this issue. The State initially alleged in its September 21, 1989, petition that Hutcheson was in contempt for his continued contact with Davis in direct violation of the no-contact order issued to him. On October 2, 1989, the district court issued an order-for-contempt citation with a notice and rule to show cause why Hutcheson should not be punished for contempt. A hearing on the order was scheduled for October 13.

On October 10, 1989, the State filed an amendment to its application for contempt citation. In addition to the alleged violations in the original application, the State charged that Hutcheson, after having been informed of the provisions of Davis' deferred judgment, "continued to initiate contact with [Davis], preventing her from properly obeying the court's orders." The State claimed that Hutcheson's actions in

preventing Davis from obeying the terms of her probation and actually causing her to violate them were contemptuous violations of Iowa Code sections 665.2(1), 665.-2(2), and 665.2(3).

In its January 2, 1990, findings of fact, conclusions of law and order, the court specifically concluded:

> 1. Illegal resistance to any order or process made or issued by the court, constitutes contempt. 665.2, Code of Iowa 1989.
>
> 2. Acts constituting contempt include aiding in the evasion of an injunction or other court order ... or inciting others to violate a court order. 17 C.J.S. Contempt § 12 (1963). *Carey v. Dist. Ct. of Jasper County*, [226 Iowa 717] 285 N.W. 236 (1939).

Based on the foregoing conclusions, the court entered the following order:

> The court finds beyond a reasonable doubt that attorney, Kent Hutcheson, has intentionally, and willfully encouraged and actively assisted Diane Davis in violating the terms of her TRO [no-contact order] issued April 28, 1989, and her terms of probation ordered on June 1, 1989 and September 13, 1989....
>
> The court finds that attorney Hutcheson's contempt was so grievous that it constituted illegal resistance to the court's orders by aiding Diane Davis in violating these orders.
>
> Attorney Kent Hutcheson is *found to be in contempt of this court for aiding and encouraging Diane Davis to resist and disobey the court's orders of April 28, 1989 and June 1, 1989, Pursuant to section 665.2(3) Code of Iowa, 1989.*

(Emphasis added.)

Thus, the court did not find Hutcheson in contempt for violating the no-contact order issued to him. Rather, it found him in contempt for aiding and abetting Davis in violating the order issued to her. Giving the benefit of the doubt to Hutcheson, we further read his brief as presenting the issue of whether a district court has sub-ject matter jurisdiction to hear a contempt charge against one who is not a party to an injunction or order.

## IV. *Subject Matter Jurisdiction—Contempt.*

■ Subject matter jurisdiction is the court's power to hear and determine cases of the general class to which a particular proceeding may belong. *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989). Subject matter jurisdiction is conferred by constitutional or statutory power. The statutory power to hear and decide contempt cases is set forth in chapter 665 of the Iowa Code.

■ In 1939, we construed chapter 665's predecessor statute and concluded that a person may be found in contempt for violating a court order or injunction even though the person was not a party to the injunction or order. *See Carey v. District Court*, 226 Iowa 717, 285 N.W. 236 (1939). Specifically, we held:

> Under the provisions of section 12541, subparagraph 2 provides for punishment of any 'willful disturbance calculated to interrupt the due course of its official proceedings.' Subparagraph 3 provides for punishment of any 'illegal resistance to any order or process made or issued by it.' [2] Obviously, these two provisions provide for punishment for contempt in the event that one undertakes to violate or *aid and abet* in the violation of an injunction, such as here issued by the court.

*Id.* at 723, 285 N.W. at 240 (emphasis added).

Our conclusion in *Carey*, however, was not our first pronouncement in this area of the law. Rather, this conclusion flows as a logical extension of some of our turn-of-the-century cases involving violations by nonparties of injunctions prohibiting the sale of intoxicating liquor. *See, e.g., Dermedy v. Jackson*, 147 Iowa 620, 125 N.W.

---

**2.** Subparagraphs 2 and 3 of Iowa Code § 12541 (1935) are identical to Iowa Code §§ 665.2(2) and 665.2(3) (1989).

228 (1910); *Silvers v. Traverse*, 82 Iowa 52, 47 N.W. 888 (1891).

The thrust of these holdings, that a nonparty to an injunction or order may still be held to be in contempt of the injunction or order, is consistent with contempt law in other jurisdictions. The following statement is representative:

It is not only the parties to whom a court order is directed who may be found to be in contempt for violation of the order, but also nonparties to the litigation and the order if certain requirements are met. Those requirements are that the nonparty have notice or knowledge of the court's order and either act in concert or be in privity with a person to whom the court's order is directed.

Annotation, *Violation of State Court Order by one Other Than Party as Contempt*, 7 A.L.R.4th 893, § 2 (1981 & Supp.). *See also* 17 Am.Jur.2d *Contempt* §§ 62–66, 134 (1990); 17 C.J.S. *Contempt* § 12 (1963). Furthermore:

The rule that one not a party in an action in which a court order was issued and who is not named in the order may be held in contempt if he is in privity with the party, or acts in concert with the named party, has been particularly applied where the nonparty was a relative of the named party, the courts apparently being of the opinion that the relationship increased the likelihood that the contemner was aiding and abetting or conspiring with the named party.

17 Am.Jur.2d *Contempt* § 63.

It is thus clear from our interpretation of statutory language identical to chapter 665 that subject matter jurisdiction exists over a charge of contempt brought against a nonparty for violation of an injunction or order. Since the district court had subject matter jurisdiction to hear and decide the contempt charge, Hutcheson was required to file a petition for writ of certiorari within thirty days of the district court's contempt order; not within thirty days of the subsequent revocation of his probation. Iowa R.App.P. 301. *Greene v. District Court*, 312 N.W.2d 915, 919 (Iowa 1981). He did not do so. He cannot now, in this collateral action, challenge the finding of contempt or the punishment imposed. We, thus, do not have appellate jurisdiction to grant the requested relief.

V. *Mootness.*

Upon the original pronouncement and sentence of contempt, Hutcheson was ordered to pay a fine, which he immediately did. When Hutcheson violated the terms of his probation, his probation was revoked and he was sentenced to seven days in jail. After revoking probation, the district court stated: "at the conclusion of the jail sentence ... this matter will be concluded. There is no reason to waste taxpayers' dollars or probation officer's time with this matter any further." Mittimus issued and Hutcheson served his required seven days. Hutcheson has satisfied the judgment and sentence. His appeal to this court was perfected after such satisfaction. This case is moot.

The factual situation present here is quite similar to that in *St. Pierre v. United States*, 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199 (1943) (per curiam). In *St. Pierre*, the petitioner was sentenced to five months imprisonment for contempt of court. *Id.* at 42, 63 S.Ct. at 911, 87 L.Ed. at 1200. The petitioner had fully served his sentence before certiorari was granted by the Supreme Court. *Id.* The Court held that the case was moot

because, after petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate. A ... court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the same case before it. The sentence cannot be enlarged by this Court's judgment, and reversal of the judgment below cannot operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served. Nor has petitioner shown that under either state or federal law further penalties or disabilities can be imposed upon him as a

result of the judgment which has now been satisfied.

*Id.* at 42–43, 63 S.Ct. at 911, 87 L.Ed. at 1201. This language has also been held applicable in the instance where a contemner has satisfied a fine imposed for his contempt. *See Murrell v. United States,* 253 F.2d 267 (5th Cir.1958) (per curiam).

Although exceptions to *St. Pierre* have been recognized, none of them are applicable here. *See, e.g., United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Hutcheson is not subject to any further or additional penalties or disabilities because of his contempt. Thus, we would conclude since Hutcheson has satisfied his fine and sentence, his appeal or certiorari action would be, and is, moot.

WRIT ANNULLED.