# IN THE COURT OF APPEALS OF IOWA

No. 16-0206
Filed June 7, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MITCHELL SCOTT GAHAGAN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Mark R. Lawson (jury trial) and Nancy S. Tabor (contempt and sentencing), Judges.

　　　　The defendant appeals from his conviction and sentence for failure to affix a drug tax stamp. **CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED.**

　　　　Leah D. Patton of Puryear Law P.C., Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

　　　　Considered by Danilson, C.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**POTTERFIELD, Judge.**

Mitchell Gahagan appeals from his conviction and sentence for failure to affix a drug tax stamp, following a jury trial, and from the court's finding of contempt. Gahagan raises multiple claims of ineffective assistance; he maintains trial counsel was ineffective for failing to (1) object when the State recalled a witness, (2) move for judgment of acquittal when the State rested, and (3) file a writ of certiorari to challenge the court's finding of contempt. Additionally, he maintains the district court abused its discretion when sentencing him, claiming the court (1) considered an improper sentencing factor, namely, pending charges; and (2) wrongly refused to allow defense witnesses to make statements at the hearing.

**I. Background Facts and Proceedings.**

On November 23, 2013, Davenport police responded to a 911 call made by Gahagan's girlfriend alleging a domestic disturbance at Gahagan's residence. Based on comments made by the girlfriend to the officers after they arrived on the scene, the officers obtained a search warrant to search for drugs in Gahagan's home and vehicle. During the search, officers located two plastic bags containing marijuana underneath Gahagan's mattress. Another plastic bag of marijuana and a marijuana cigar were found beside a tote in Gahagan's bedroom. When searching Gahagan's vehicle, officers located another plastic bag containing marijuana, a scale with marijuana residue on it, and a handgun.

On January 3, 2014, Gahagan was charged with failure to affix a drug tax stamp, in violation of Iowa Code section 453B.12 (2013).[1]

A jury trial commenced on September 28, 2015, in case FECR358471. The State called Detective Janet Martin; she testified she was the evidence collection officer at the scene on November 23, 2013, meaning she "collect[ed] everything that was located at the search warrant." During her testimony, a number of photos were admitted depicting the marijuana (and its packaging) that were located in Gahagan's home and vehicle and ultimately seized. Martin testified the four packages of marijuana had net weights of 26.61 grams, 34.63 grams, 26.50 grams, and 10.86 grams (for a total net weight of 98.6 grams). Additionally, the State introduced into evidence the actual "plastic grocery sack (white)", "baggie," and "plastic grocery sack (grey)" that had contained the marijuana. After the State finished its questions of Detective Martin, defense counsel cross-examined her. The State then called two other detectives before recalling Detective Martin in its case in chief. When she was back on the stand, the following exchange occurred between the prosecutor and the detective:

> Q. Detective Martin, there was one topic that I forgot to speak to you about. With respect to State's Exhibit Number 3, the marijuana blunt that was taken off of that purple tote in Mr. Gahagan's bedroom, Exhibits 4, 5 and 6, and which would be the two Exhibits of marijuana behind the bed and the tote and then the Exhibit 19 being the marijuana taken from the center console of his vehicle, did you look to see if there was any drug tax stamp affixed to any packaging? A. Yes I did.
> Q. Was there any drug tax stamp affixed to the packaging? A. No, there was not.

---

[1] Gahagan was also charged with five other crimes; one charge was severed, the jury returned not guilty verdicts on two others, and the district court declared a mistrial on the final two after the jury was unable to reach a verdict. Only count IV, failure to affix a drug tax stamp, is at issue in this appeal.

Q. In the State of Iowa what would be the triggering point that would require an individual to purchase a drug tax stamp and affix it to marijuana? A. If someone possessed over 42.5 grams of marijuana.

Q. If you look at the laboratory report, was Mr. Gahagan— the quantity of marijuana that was taken in this investigation well in excess of the 42.5 grams? A. Yes it was.

PROSECUTOR: Your Honor, may the record reflect I'm showing counsel a demonstrative exhibit.

THE COURT: It's just demonstrative.

(A discussion was held off the record at this time.)

PROSECUTOR: Your Honor, may I approach the witness?

THE COURT: You may.

Q. Detective Martin, I'm handing you very simply what I'm designating as a demonstrative exhibit, do you recognize that exhibit? A. Yes I do.

Q. Describe very simply what that demonstrative exhibit consists of? A. It has photographs of what the actual drug tax stamps should look like for various controlled substances.

Q. In this particular case is there a drug tax stamp on that placard for marijuana? A. Yes, there is.

PROSECUTOR: May Detective Martin show the jury what the drug tax stamp would look like for marijuana?

THE COURT: She may.

THE WITNESS: It would be this one on the left for marijuana.

On October 2, the jury found Gahagan guilty of failing to affix a drug tax stamp. The same day, the district court filed an order scheduling sentencing for November 25. The order required Gahagan to "report IN PERSON to the Department of Correctional Services (DCS) . . . following the entry of this order" in order to cooperate in the preparation of the presentence investigation (PSI) report.

On November 25, at the hearing originally scheduled for sentencing, the court noted the PSI report had not been completed. The State indicated:

As has been Mr. Gahagan's practice in the past with various cases that he's been charged with, he tends to believe that he doesn't have to follow deadlines or meet obligations that have been set upon him. We have Kim Krandall from the Department of

Corrections and I would like for him to describe to the Court essentially what we got by way of Mr. Gahagan's lack of cooperation to meet with him so that he can prepare the pre-sentence investigation report.

Probation Officer Krandall then made the following oral report to the court:

Initially after [Gahagan was found] guilty in this matter, the first probably week and a half I had a hard time getting him tracked down, I wasn't given an accurate phone number. After I got in touch with him, actually he got in touch with me, he came in to pick[] up his paperwork and we set an appointment for November the 9th. He came in for that appointment, he had his one year old baby with him and did not finish the paperwork. I cannot do an interview without the paper work and a small child.

We set an appointment for November the 12th, he called me on the 12th to say he didn't have a ride. We reset the appointment for the 14th. He called me on the 13th to say he had family in town to see the baby and I asked him if there was someone to get him down here and watch the child and said there wasn't and reset the appointment for the 16th which was a week ago Monday and he finally did make it in on the 16th, however, that did not give me time to get the report done in time for the sentencing.

Gahagan responded that he "called them that day I got found guilty and they had no idea what was going on, they asked me to get some information from Court." He claimed he "didn't get any paperwork, I was trying to help that [lady] out. She didn't get any information, she didn't get back to me that day and I called in the first morning, she didn't have any information and finally [defense counsel] called me and gave me Kim's number." When the court asked him why he had failed to make his scheduled appointments, Gahagan stated, "I recently lost my license and I have a one year old daughter and I'm watching her, it's been really hard for me to find rides and it's difficult for me to get my ride." The prosecutor clarified that the child's mother actually had custody of the child, but "she's very good about allowing [Gahagan] to see the child."

The court then found Gahagan in contempt "based on [his] lack of cooperation with the preparing of the PSI" and sentenced him to "one day in the Scott County Jail with mittimus to issue immediately."

Shortly thereafter, Gahagan entered guilty pleas in another Scott County case (FECR370741). Gahagan pled guilty to one count of possession with intent to deliver (marijuana) and two counts of unlawful possession of a prescription drug.[2]

Sentencing for both cases was scheduled for January 28, 2016.

At the sentencing hearing, the State recommended the court sentence Gahagan to a term of incarceration not to exceed five years for his failure-to-affix conviction and a total term of incarceration not to exceed five years for the convictions in FECR370741. The State asked the court to order the sentences for the two separate cases to be served consecutively. Defense counsel asked the court to grant Gahagan probation. She also asked that Gahagan's girlfriend, mother, and father be allowed to testify on his behalf; she indicated they would speak about how good of a father Gahagan was to his young daughter, his history with addiction to marijuana, and his mental health struggles. The court responded, "The presentence investigation report includes history about his mental health that you did not correct, and it includes what the issues are and his diagnosis, so I have that information before me to consider." The court asked the prosecutor if she had any objection to the family members speaking, and the prosecutor indicated she would "leave that up to the Court."

---

[2] Gahagan's appeal involving case FECR370714 is also being filed today. *See State v. Gahagan*, No. 16-0209, 2017 WL _____, at *1 (Iowa Ct. App. June 7, 2017).

THE COURT: Well, my concern is that the State has a right to know what they're gonna say and to rebut it, and they don't have that information available. They are not victims. Only victims are allowed by statute to speak.

DEFENSE COUNSEL: I think [Gahagan's mother] wrote a letter. I'd be happy to show it to Ms. Cunningham. I've not read it.

THE COURT: Well, if it doesn't contain any different information than is contained in the PSI, it would [not] be helpful. Ma'am, if you can't keep yourself from talking and make comments and making gestures to me, then I'm gonna ask you to leave the courtroom, please. I cannot consider what you say statutorily unless the county attorney agrees to it. Do you understand that?

AUDIENCE MEMBER: I understand.

THE COURT: I understand that you're a family member and this is difficult on you, and I take no fault and I show no fault toward any of the family members. This is not your fault. It's his responsibility to provide all the information that's necessary to the probation officer and if he has not done that, that's on him, not on you, and I can't consider—you can talk, but I cannot consider anything you say because it's not statutorily allowed, so if you would like to talk—

The family members were not allowed to speak on Gahagan's behalf before the court imposed the sentences, stating in part:

> You had—it doesn't matter that it was two years old. You committed another crime and admitted to committing another crime while you still had other charges pending and cases pending. You've been rearrested since these. Now, they're allegations, but you still have been arrested, and that is not something that's— that's something that's in violation of your pretrial release.
>
> You have a long history for someone so young, 31 years old, long criminal history that spans many, many years and takes up at least four and a half or five pages of the presentence investigation reports. Because of your pending charges and because of your past volatile behavior, you don't qualify for any kind of residential treatment facility in the community. You have very little work history.
>
> . . . .
>
> This is a case where I don't believe that probation is appropriate, and I'm going to sentence you [accordingly].
>
> . . . .
>
> In FECR 358441, it is my sentence that you are sentenced to an indeterminate term of confinement not to exceed five years,

pay a fine of $750 plus costs. Under File No. FECR 370741 you're sentenced under Count 1 to an indeterminate term of confinement not to exceed five years, a fine of $750. Under Count 4, you're sentenced to an indeterminate term not to exceed one year in the Scott County Jail, pay a fine of $315. Under Count 5 an indeterminate term of confinement in the Scott County Jail for one year and pay a fine of $315. I will allow the sentences under 370741 to be served concurrent with each other, but I do think that, based on your history, that there is aggravating circumstances and it should be that the sentence in the other—under—in both cases should run consecutive to each other.

Gahagan appeals.

## II. Discussion.

### A. Ineffective Assistance.

Gahagan makes three claims of ineffective assistance from trial counsel. He maintains counsel was ineffective for failing to (1) object when the State recalled a witness, (2) move for judgment of acquittal when the State rested, and (3) file a writ of certiorari to challenge the court's finding of contempt.

We review claims of ineffective assistance de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "To establish his claim of ineffective assistance of counsel, [Gahagan] must demonstrate (1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Gahagan's claims fail if either element is lacking. *See Everett v State*, 789 N.W.2d 151, 159 (Iowa 2010). We consider the cumulative effect of possible errors when considering a defendant's claims of ineffective assistance. *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012). We resolve claims of ineffective assistance on direct appeal only when the record is adequate to do so. *See id.* Here, we find the record adequate.

***1. Recalling Witness.*** Gahagan maintains trial counsel was ineffective for failing to object when the State recalled Detective Martin; he claims that if his counsel had objected, it is "unlikely" the trial court would have allowed the detective to retake the stand. We disagree with Gahagan's contention.

First, the State had not rested; Detective Martin was recalled while the State was still presenting its case-in-chief. *Cf. State v. Long*, 814 N.W.2d 572, 577 (Iowa 2012) ("[T]here are issues of justice and fairness to the defendant which are implicated any time the court is asked by the State to reopen the record," but even then"[o]mission of evidence by accident or inadvertence is a proper reason to reopen the record."). "A trial court has very broad discretion to permit or refuse a party from recalling a witness." *State v. Elliott*, 806 N.W.2d 660, 674 (Iowa 2011). Our supreme court has found the district court properly exercised its discretion when it allowed the State to recall a witness where, "[t]he state had not yet rested, the witnesses were recalled to correct or explain testimony already given, and the defendant had unlimited opportunity to cross examine." *State v. Ivy*, 300 N.W.2d 310, 311 (Iowa 1981). Additionally, as the State points out, even if the court had not allowed Detective Martin to be recalled, there were other witnesses who had not yet testified, such as the evidence technician, who could have been asked about the marijuana packaging and whether it had a drug tax stamp affixed to it.

Gahagan cannot establish that he was prejudiced by counsel's failure to object to Detective Martin being recalled.

***2. Motion for Judgment of Acquittal.*** Here, Gahagan reiterates his previous argument, claiming his "trial attorney was ineffective in failing to object

to the State recalling Detective Martin. If a proper objection had been lodged and sustained, no evidence was presented during the trial to prove that the marijuana did not have the required tax stamp affixed to it."

Insofar as Gahagan is repeating his claim from above, we repeat our answer. He cannot establish he was prejudiced by his trial counsel's lack of objection to recalling the detective. We also consider whether trial counsel had a duty to raise a motion for judgment of acquittal on the failure-to-affix charge at the close of the State's evidence. *See State v. Fannon*, 799 N.W.2d 515, 520 (Iowa 2011) ("[T]rial counsel is not ineffective in failing to urge an issue that has no merit.").

To prove its case, the State had the burden to prove beyond a reasonable doubt that:

> 1. On or about the 21st day of November, 2013, in Scott County, Iowa, the defendant knowingly possessed a taxable substance as defined in Instruction No. 23
> 2. Defendant acquired or possessed in this State forty-two and one half grams or more of a substance consisting of or containing marijuana.
> 3. The taxable substance that the defendant possessed did not have permanently affixed to it a stamp, label or other official indication of payment of the state tax imposed on the substance.

If counsel had moved for judgment of acquittal, the court would have reviewed the evidence in the light most favorable to the State. *State v. Duncan,* 312 N.W.2d 519, 522 (Iowa 1981). The marijuana testing report indicating the weight of the recovered marijuana was admitted at trial, and Detective Brian Morel testified the combined net weight was approximately ninety-nine grams. Detective Martin testified that she was the evidence collection officer on the scene and there was no drug tax stamp affixed to the packaging of the marijuana

when it was seized. Additionally, photographs of the marijuana (and its packaging) from the scene were admitted into evidence as well the actual packages themselves.

Because there is substantial evidence to support Gahagan's conviction for failure to affix a drug tax stamp, Gahagan's trial counsel was not ineffective for failing to move for judgment of acquittal on the charge.

*3. Writ of Certiorari.* Gahagan claims trial counsel was ineffective for failing to file a petition for writ of certiorari challenging the district court's finding of contempt. He maintains the action did not comport with due process and the district court did not find his actions in failing to cooperate with the preparation of the PSI report willful beyond a reasonable doubt.

The State maintains this claim is moot because Gahagan has already served his one-day sentence for the contempt finding. We agree. *See Hutcheson v. Iowa Dist. Ct.*, 480 N.W.2d 260, 264–65 (Iowa 1992) (finding a case was moot when the defendant had served his required seven days following a finding of contempt because he had already satisfied the judgment and sentence.).

> [A]fter petitioner's service of his sentence and its expiration, there was no longer a subject matter on which the judgment of this Court could operate. A . . . court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the same case before it. The sentence cannot be enlarged by this Court's judgment, and reversal of the judgment below cannot operate to undo what has been done or restore to petitioner the penalty of the term of imprisonment which he has served.

*Id.* at 264 (quoting *St. Pierre v. United States*, 319 U.S. 41, 42–43 (1943)).

For all of the reasons stated, each of Gahagan's claims of ineffective assistance fails.

**B. Sentencing.**

Gahagans maintains the district court abused its discretion when sentencing him, claiming the court (1) considered an improper sentencing factor, namely, pending charges; and (2) wrongly refused to allow defense witnesses to make a statement at the hearing.

We review the sentence imposed in a criminal case for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse "absent an abuse of discretion or some defect in the sentencing procedure." *Id.*

Here, before imposing sentence, the court stated the following:

> You had—it doesn't matter that it was two years old. You committed another crime and admitted to committing another crime while you still had other charges pending and cases pending. You've been rearrested since these. Now, they're allegations, but you still have been arrested, and that is not something that's— that's something that's in violation of your pretrial release.

"It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. The State urges us to find the court did not rely on the pending charges even though the court "mentioned" them. The State claims that because the court "explicitly noted that the arrest involved only allegations," we should not draw an inference of improper sentencing considerations. However, we note that the court did not expressly disclaim the pending charges. *See State v. Mathewson*, 684 N.W.2d 243, 244 (Iowa 2004) ("But we cannot ignore the error

here by assuming the sentencing court did not consider it. In the first place, the court did not state the inadmissible evidence would not be a factor in determination.").

Additionally, "[w]hen a sentencing court has discretion, it must exercise that discretion." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). "Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." *Id.* Iowa Code section 901.2 mandates the court "shall receive from the state, from the judicial district of department of correctional services, and from the defendant any information which may be offered which is relevant to the question of sentencing." Moreover, the court "*may* consider information from other sources." Iowa Code § 901.2(1) (emphasis added). Here, the court appeared to believe it did not have the discretion to decide whether to hear from Gahagan's witnesses at the sentencing hearing. The court stated, "They are not victims. Only victims are allowed by statute to speak," "I cannot consider what you say statutorily unless the county attorney agrees to it. Do you understand that?" and "I can't consider—you can talk, but I cannot consider anything you say because it's not statutorily allowed."

Based on the court's reference to Gahagan's pending charges and the incorrect understanding that the court was prevented from hearing from Gahagan's witnesses at sentencing, we reverse Gahagan's sentence for failure to affix a drug tax stamp and remand for resentencing.[3]

**CONVICTION AFFIRMED; SENTENCE REVERSED AND REMANDED.**

---

[3] Because we remand for resentencing, we do not address Gahagan's claim that the court failed to provide adequate reasons on the record for his consecutive sentences.