# IN THE COURT OF APPEALS OF IOWA

No. 18-1044
Filed May 1, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**DANA ROBERT CHERRY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dallas County, Randy V. Hefner,

Judge.

A defendant appeals his conviction for driving while barred. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellee.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Dana Cherry appeals his conviction for driving while barred. He claims the district court erred in failing to rule on his motion in arrest of judgment prior to sentencing and his counsel was ineffective for failing to ensure the court addressed the motion prior to sentencing. Cherry also claims the district court abused its discretion by failing to consider the sentence he recommended outside the plea agreement. We find Cherry's motion in arrest of judgment was untimely, preserve the ineffective-assistance claim, and find the sentencing claim is moot. We affirm.

## I.     Background Facts & Proceedings

The afternoon of October 8, 2017, a law enforcement officer witnessed a broken windshield on a vehicle driven by Cherry. The officer initiated a traffic stop. During the stop, Cherry admitted he did not have a driver's license, and the officer discovered Cherry's license had been barred as a habitual offender the month before for a period of two years. Cherry was charged with driving while barred, an aggravated misdemeanor.

On the date of his arraignment, November 17, Cherry did not appear, and the court issued a warrant for his arrest. Following an arrest in late January 2018, Cherry was arraigned on February 1. On March 29, Cherry entered a written plea of guilty pursuant to a plea agreement. Part of the agreement was a negotiated sentence of thirty days in jail, minimum fine and court costs, surcharge, and fees. As part of the written plea, Cherry waived his right to a plea colloquy with the court. In its order accepting his plea, also on March 29, the court set his sentencing for May 3, which was continued to May 4 at Cherry's request.

On May 4, Cherry did not appear for sentencing. The court again issued a warrant for his arrest. He was arrested in Polk County on May 21. On June 1, the court ordered sentencing for June 8. The court also ordered the hearing to include a motion to withdraw filed by Cherry's attorney. Also on June 1, Cherry filed a motion in arrest of judgment, stating his plea was not entered intelligently and he did not have an understanding of the consequences of his guilty plea. At sentencing, the State acknowledged Cherry had spent the past eighteen days in jail and asked for the remainder of the sentence to be served immediately. Cherry requested he be permitted to serve the remaining twelve days on weekends to allow him to work during the week.

The court denied Cherry's motion in arrest of judgment and motion for new counsel. The court entered judgment against Cherry for driving while barred. The court imposed the plea agreement's sentence of thirty days with credit for time already served. Cherry appeals

## II.     Standard of Review

"We review challenges to denials of motions in arrest of judgment for an abuse of discretion." *State v. Petty*, __ N.W.2d __, __ (Iowa 2019). "We will only find an abuse of discretion if the trial court exercised its discretion on clearly untenable or unreasonable grounds." *Id.* Ineffective-assistance-of-counsel claims are reviewed de novo. *State v. Thorndike,* 860 N.W.2d 316, 319 (Iowa 2015). "We review sentencing decisions for an abuse of discretion when the sentence is within the statutory limits." *State v. Gordon*, 921 N.W.2d 19, 24 (Iowa 2018).

### III.    Analysis

The failure to file a timely motion in arrest of judgment bars a direct appeal of the conviction.  Iowa R. Crim. P. 2.24(3)(a); *see State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).  Iowa Rule of Criminal Procedure 2.24(3)(b) requires a motion in arrest of judgment "be made not later than 45 days after plea of guilty . . . , but in any case not later than five days before the date set for pronouncing judgment."  The motion here was clearly untimely, filed over sixty days after Cherry's guilty plea and after the date set for sentencing.  *See State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008) (holding the applicable rule 2.24(3)(b) deadline is the earlier of the forty-five days from plea or five days before date set for sentencing).  Because Cherry's motion was untimely, the court was correct in not considering the motion.  *See id.* (finding it an abuse of discretion and clearly erroneous for the court to consider an untimely motion in arrest of judgment).  We affirm the district court.

Cherry claims his attorney provided ineffective assistance for failing to ensure the motion in arrest of judgment was heard by the court.  It is unclear if Cherry is referring to the untimely filing of the motion or if the claimed failure was not pressing the court to hold a hearing and decide the motion prior to sentencing.  If it is the former, we preserve the issue for postconviction relief as we have no way of determining if Cherry discussed the motion with his attorney within the appropriate time frame.  *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (requiring claims that cannot be addressed on appeal due to inadequate record to be preserved for postconviction-relief proceedings).  If the claimed failure relates to asking the court to hear and decide on the filed motion prior to entering

judgment, we find counsel made no error. "Counsel . . . does not provide ineffective assistance if the underlying claim is meritless." *State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015). Counsel is not ineffective for not asking the court to abuse its discretion by hearing an untimely motion.

Cherry claims the court abused its discretion by ordering he serve the remainder of his sentence immediately rather than Cherry's requested weekends in jail. The State maintains the claim is moot as the sentencing order specified mittimus issue immediately and Cherry did not post an appeal bond. Cherry's sentence was for thirty days in jail starting immediately, with credit for the eighteen days already spent in jail prior to sentencing. Booking records indicate he served his time immediately following sentencing, completing his sentence June 18.[1] If a judgment "will have no practical legal effect upon the existing controversy" and the issues are academic or nonexistent, the action is moot. *State v. Wilson*, 234 N.W.2d 140, 141 (Iowa 1975); *see Hutcheson v. Iowa Dist. Ct.*, 480 N.W.2d 260, 264 (Iowa 1992) (noting when the sentence is completed, the court has no remedy it can provide and the issue is moot). Cherry's claim as to his sentence is moot.

**AFFIRMED.**

---

[1] We may consider matters that transpire during the appeal for the limited purpose of establishing or countering a claim of mootness. *In re L.H.*, 480 N.W.2d 43, 46 (Iowa 1992).