John Sherwin DIERCKS, Plaintiff,

v.

**IOWA DISTRICT COURT FOR MARION COUNTY, Defendant.**

No. 93–1517.

Court of Appeals of Iowa.

Nov. 28, 1994.

Larry L. Miller, Des Moines, for plaintiff.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Terry E. Rachels, County Atty., and Phil Reser, Asst. County Atty., for defendant.

Considered by DONIELSON, C.J., and HAYDEN and CADY, JJ.

DONIELSON, Chief Judge.

Before this court is a petition for writ of certiorari involving the imposition of a 30-day jail sentence in a contempt action. We find the writ should be sustained and the contempt action dismissed.

On January 21, 1992, a judgment was entered finding John Sherwin Diercks guilty of second offense OWI and driving while his license was barred. The judgment imposed various fines, surcharges and costs and specified they were to be paid by January 21, 1993. Diercks failed to timely pay the fines and costs and a contempt hearing was held. In an order filed February 18, 1993, District Associate Judge Hays found—

> The Defendant appeared as ordered, is found to be in contempt of this Court, and is hereby sentenced as follows: The Defendant is sentenced to 30 days in the Marion County Jail. Mittimus is withheld until April 23, 1993. If the Defendant's fines, surcharge and court costs are not paid in full by that date, the Defendant shall report to the Marion County Jail at 5:00 p.m. on that date, April 23, 1993.

Diercks mailed a cashier's check for payment-in-full to the Clerk of Court on Friday, April 23, 1993. The payment was posted by the clerk of court on Monday, April 26. A review of the trial court record reveals mittimus and an arrest warrant were issued on April 23, 1993.

Diercks was subsequently arrested and appeared before District Associate Judge Myers in an ex parte proceeding on September 5, 1993. Judge Myers concluded Diercks had paid his fine and purged himself of contempt. The judge dismissed the contempt action.

The State filed a motion to reconsider. A hearing on the motion was held on October 19, 1993, with Judge Hays presiding. In ruling on the motion the judge alluded to the fact the arrest warrant may have been issued in error. However, he concluded Diercks had failed to comply with the conditions of the contempt order and Judge Myers had been without authority to dismiss the contempt action. Judge Hays' ruling suggests the court had no other recourse but to enforce the 30-day jail sentence once Diercks had failed to timely purge himself of contempt.

Diercks filed a petition for writ of certiorari on October 20, 1993. The petition was granted and a stay of the district court order was entered by the Iowa Supreme Court on November 9, 1993.

Certiorari is an action at law. *Zimmermann v. Iowa District Court,* 480 N.W.2d 70, 74 (Iowa 1992). Certiorari tests the legality of an action taken by a lower court. *Id.* Our review is at law and not de novo. The factual findings of the district court are binding upon us if supported by substantial evidence, but its conclusions of law are not. *Id.*

It is important at the outset to clarify Diercks is not challenging the legality of the February 18, 1993, order finding him in contempt. If he were, his petition would be untimely pursuant to Iowa R.Civ.P. 319. Instead, he challenges the subsequent district court proceedings related to his purported compliance with the contempt order and the issuance of mittimus.

Issuance of a warrant of commitment is required for the incarceration of an individual for contempt. *See* Iowa Code § 665.10. Iowa law clearly provides "whenever the district court withholds commitment on an adjudication of contempt subject to certain conditions, due process requires notice and hearing *before commitment can be ordered* for failure to comply with these conditions." *Greene v. District Court of Polk County,* 342 N.W.2d 818, 821 (Iowa 1983) (emphasis added). In the sentencing context it is generally recognized mittimus is synonymous with the word "commitment." *See State v. Jackson,* 488 N.W.2d 701, 703 (Iowa 1992); *State v. Robinson,* 262 N.W.2d 270, 271 (Iowa 1978).

While *Greene* involved a conditional contempt order resulting from the nonpayment of child support, we see no reason its due process arguments would not apply equally to the case at hand. The rationale underlying the requirement of notice and a hearing is to give the contemnor an opportunity to show the prescribed conditions have been fulfilled or he made a bona fide effort to comply but through no fault of his own was unable to comply with the conditional orders. *Greene*, 342 N.W.2d at 821. In cases of a bona fide effort, the district court must also consider alternative procedures or dispositions other than imprisonment. *Id.*

This case is riddled with substantive and procedural problems. The first and most serious is of course the fact notice and a hearing were not accorded Diercks prior to issuance of the arrest warrant and mittimus. The contempt order of February 18, 1993, was clearly a conditional order withholding commitment upon Diercks' compliance with the conditions set forth therein. The April 23, 1993, issuance of an arrest warrant and mittimus was in conflict with the constitutional requirements of *Greene*.

The second problem with this case is the fact no record was made of the September 5, 1993, hearing before District Associate Judge Myers. The trial court file contains only a small slip of paper (presumably written by the judge) which indicates Diercks had paid his fines and the contempt action was to be dismissed. We have no basis for determining what, if any, additional grounds Diercks may have raised in seeking his release. The absence of a record from this hearing is compounded by the fact the hearing was held ex parte.

Finally, the October 19, 1993, hearing on the motion to reconsider was carried out in such a manner that Diercks' attorney told the court what evidence Diercks could provide but Diercks never testified and no evidence was formally offered. Some of this "evidence" has been incorporated into Diercks' brief and the appendix without resistance from the defendant.

Despite these problems we believe there is an adequate record from which we can sustain the writ. The arrest warrant and mittimus were improperly issued. There is evidence Diercks made bona fide efforts and complied in full, albeit one working day late, with the conditions of the contempt order. Had notice and a hearing been properly held as required by *Greene*, we conclude the outcome would have been the same as that reached by Judge Myers on September 5, 1993. The writ is sustained and the contempt action dismissed.

**WRIT SUSTAINED.**

**In the Interest of B.F. and J.F., Minor Children,**