Naim H. MADYUN, Plaintiff,

v.

**IOWA DISTRICT COURT FOR LINN COUNTY, Defendant.**

No. 95–274.

Supreme Court of Iowa.

Feb. 14, 1996.

Rehearing Denied March 22, 1996.

David P. McManus of Glasson, Grove, Sole & McManus, P.C., Cedar Rapids, for plaintiff.

Gary J. Shea of Shea Law Offices, Cedar Rapids, for defendant.

Considered by McGIVERIN, C.J., and CARTER, NEUMAN, SNELL, and TERNUS, JJ.

NEUMAN, Justice.

We granted Naim Madyun's petition for writ of certiorari to challenge the district court's issuance of mittimus on a contempt order entered some months earlier. In our order granting the petition, we reserved ruling on a motion to dismiss the petition on timeliness grounds. We now conclude the petition was timely filed but is wholly unpersuasive on its merits. Accordingly, we annul the writ.

The facts giving rise to this controversy are regrettably common. They center on Madyun's pattern of noncompliance with child support orders. Resolution is complicated, however, by an equally troublesome pattern of court delay in bringing the matter to conclusion. Any notion that an action for contempt leads to swift relief is surely belied by this record.

Twynette Cain–Madyun petitioned for dissolution of her marriage to Naim Madyun. On November 18, 1993, Naim was ordered to pay temporary child support "in the amount of $150 per week ... payable each Friday thereafter during the pendency of this ac-tion." He was also ordered to pay temporary attorney fees of $400, specific business operating expenses, and other real estate mortgage and household maintenance expenses.

In February 1994, Twynette filed an application for rule to show cause alleging Naim had failed to timely make the required payments. A hearing was held and on April 15, 1994, the court found Naim in contempt. As punishment, Naim was ordered to serve a term of thirty days in the county jail. The court, however, "suspended" Naim's jail term and placed him on "probation" subject to the following conditions:

a. Respondent shall pay all delinquent child support which has accrued under the November 18, 1993, order within ten days of the date of this order.

b. Respondent shall comply in the future during the pendency of this action with each and every paragraph and subparagraph of the November 18, 1993, or-der.... Respondent's payment shall be made *on time* on each occasion.

On June 8, 1994, Twynette applied for revocation of Naim's probation. A hearing was held on August 10. Two months later, on October 20, 1994, the district court found that Naim had failed to make timely payment as ordered, revoked his probation, and ordered mittimus to issue immediately.

The following day Naim filed an "application to reconsider order issuing mittimus and for modification or stay." Hearing on the application was delayed until January 13, 1995, with mittimus stayed in the meantime.

On January 17, 1995, the district court finally ruled on Naim's October 21 application. The court reiterated its finding that Naim failed to comply with the terms of his probation although he had the resources to do so. The court noted no new evidence or mitigating factors had been shown. Mittimus was to issue immediately.

On January 18, 1995, Naim moved for a stay order. Then on January 20 he filed a motion to enlarge fact findings and conclusions under Iowa Rule of Civil Procedure 179(b). The court summarily overruled the rule 179(b) motion, but not until February 14,

1995. This petition for writ of certiorari, and Twynette's motion to dismiss, followed.

■ I. Our review on certiorari is limited to determining whether the district court acted illegally or without jurisdiction. *Zimmermann v. Iowa Dist. Ct.,* 480 N.W.2d 70, 74 (Iowa 1992). Review is not de novo but at law. *Id.*

■ II. The first question is whether this court has jurisdiction to consider Madyun's petition on the merits. A petition for writ of certiorari "must be filed within thirty days from the time the tribunal ... exceeded its jurisdiction or otherwise acted illegally." Iowa R.Civ.P. 319. "An untimely appeal deprives the appellate court of subject matter jurisdiction, ... as does an untimely petition for a writ of certiorari." *Greene v. Iowa Dist. Ct.,* 312 N.W.2d 915, 919 (Iowa 1981).

It is important to note that Madyun does not challenge the legality of the court's April 1994 order finding him in contempt. If he were, his petition would clearly be untimely. *Hutcheson v. Iowa Dist. Ct. for Lee County,* 480 N.W.2d 260, 264 (Iowa 1992); *Greene,* 312 N.W.2d at 919; Iowa R.Civ.P. 319. Instead, Madyun challenges only the court's January 17 ruling that his willful failure to comply with the probation conditions compelled issuance of the mittimus.

■ Twynette asserts that *Greene* and *Hutcheson* apply even in this circumstance to defeat Madyun's challenge. We are not so convinced. In *Greene,* the contemner's challenge to the court's refusal to withhold mittimus came *eighty days* after the order's filing, clearly beyond the thirty-day period allowed for seeking certiorari. *Greene,* 312 N.W.2d at 919. *Hutcheson* is likewise distinguishable. There the contemner sought to challenge the *original* contempt citation, as well as the subsequent revocation. *Hutcheson,* 480 N.W.2d at 262. Although we said that "Hutcheson was *required to file a petition for* writ of certiorari within thirty days of the district court's contempt order; *not within thirty days of the subsequent revocation of his probation,"* *id.* at 264 (emphasis added), we note the petition for certiorari was filed long after the thirty-day deadline for attacking the legality of *either* ruling. *See id.*

■ In a more closely analogous case, *Greene v. District Court of Polk County,* 342 N.W.2d 818, 821 (Iowa 1981), this court held that

> whenever the district court withholds commitment on an adjudication of contempt subject to certain conditions, due process requires notice and hearing before commitment can be ordered for failure to comply with these conditions.... [A] subsequent issue of commitment is not proper absent findings that the offending person is responsible for his failure to comply or that alternative procedures or dispositions are inadequate to meet the court's interest in punishment and deterrence.

*Accord Diercks v. Iowa Dist. Ct.,* 526 N.W.2d 350, 351 (Iowa App.1994). We believe the two-stage process outlined in *Greene* guides our analysis in the present controversy. Because Madyun challenges the revocation of his probationary conditions, not the original finding of contempt, the time for filing his petition for certiorari runs from the former date, not the latter. Madyun's petition for certiorari was filed within thirty days of the court's final ruling on issuance of the mittimus. This court thus has jurisdiction over the matter and Twynette's motion to dismiss must be denied.

Our need to clarify this point of law necessarily renders the parties' cross-claims for sanctions under Iowa Rule of Civil Procedure 80(a) without merit. *See Breitbach v. Christenson,* 541 N.W.2d 840, 845 (Iowa 1996) (rule 80 sanctions not intended to discourage court access "to resolve honest disputes that have arguable merit"). No further elaboration on the parties' accusations in this regard is warranted.

■ III. On the merits, Madyun cannot sustain his claim that the district court acted illegally or beyond its jurisdiction. The record plainly reveals: that Madyun complied with his child support obligations only when it was convenient for him to do so; that despite the court's generous reprieve, he continued to willfully disregard the court's clear directions to make timely payments; and that at all times Madyun had the financial means to comply in full. Madyun's funda-

mental disagreement with the court's conclusion and choice of enforcement mechanism (jail time instead of a fine) is insufficient, as a matter of law, to overcome the deference accorded the trial court in such matters. *See McKinley v. Iowa Dist. Ct.*, 542 N.W.2d 822, 825 (Iowa 1996). Substantial evidence in the record supports the court's findings and judgment. We therefore annul the writ.

**WRIT ANNULLED.**