# IN THE COURT OF APPEALS OF IOWA

No. 14-1808
Filed July 22, 2015

**IN THE INTEREST OF THE MARRIAGE OF**
**ERIKA L. GENTZ AND BRADLEY A. GENTZ**

**ERIKA L. SPITZ, f/k/a ERIKA L. GENTZ,**
        Plaintiff,

**vs.**

**IOWA DISTRICT COURT FOR MITCHELL COUNTY,**
        Defendant.
_____

        Certiorari to the Iowa District Court for Mitchell County, Christopher C. Foy, Judge.

        Erika Spitz challenges the district court's order that she serve a jail sentence for her failure to purge her contempt of the visitation provisions of a dissolution decree.  **WRIT ANNULLED.**

        Jaclyn M. Zimmerman of Harrison & Dietz-Kilen, P.L.C., Des Moines, for plaintiff.

        Scott A. Michels, West Des Moines, until withdrawal, for defendant.[1]

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

---

[1] No brief was filed in support of the defendant.

**POTTERFIELD, J.**

Erika Spitz challenges the district court's order that she serve a jail sentence for her failure to purge her contempt of the visitation provisions of a dissolution decree.  Finding no violation of her constitutional rights, we annul the writ.

On May 27, 2014, the district court held a hearing on these former spouses' dueling applications to show cause: Erika Spitz, formerly Erika Gentz, contended Bradley Gentz was in contempt for failing to pay ordered medical expenses; Bradley contended Erika was in contempt for failing to comply with the visitation provisions of the decree.[2]

---

[2] This is not the first contempt action.  On September 26, 2013, Erika was found in contempt of the 2011 dissolution decree for failing to provide visitation.  In the September 26, 2013 ruling, the district court wrote:

> It is undisputed that Bradley has not been allowed to exercise visitation with [the children] in accordance with the provisions of the Decree for over one year.  Although Bradley has made several attempts to pick up the girls from her home for purposes of visitation, Erika has not required or even encouraged any of them to go on a single visit with their father.  In fact, Erika routinely calls the police to remove Bradley from her property when he does show up to get their daughters.  Erika acknowledges that Bradley has not had regular visitation with any of their daughters since March 2012.  Erika knows that Bradley is entitled to regular visitation with the girls under the Decree.  However, Erika claims that the girls are afraid of Bradley and do not want to have visitation, so she has not required them to go with their father.
>
> While it appears that [A.S.] and [H.S.] now may feel uncomfortable in the presence of Bradley, there is absolutely nothing in the record to suggest these feelings are justified.  Erika offered no evidence to show that Bradley presents any threat or risk of harm to any of their daughters.  She admitted that Bradley has never hit or physically abused her or any of the girls.  Erika did not describe a single event or situation that would explain why the girls supposedly do not feel safe or comfortable around Bradley.  The Court finds it telling that Erika has taken no formal action to modify or restrict the visitation rights granted to Bradley in the Decree.  If Erika actually had hard proof that Bradley posed any threat of physical or emotional harm to their daughters, it seems to the Court that she would have started a modification action a long time ago. To the extent that any of the girls are fearful of or uncomfortable around Bradley, the Court

On June 3, 2014, the district court entered an order finding "proof beyond a reasonable doubt . . . that Erika is in contempt for failure to provide visitation between the minor children and Bradley" and sentenced her to thirty days in the county jail. However, the court withheld mittimus and allowed Erika to purge her contempt by doing the following:

> During the month of June, there shall be at least three hours of visitation between Bradley Gentz and the minor children. The three hours of visitation may be through a licensed social worker, licensed counselor or clergy selected by Erika and paid for by Erika. If Erika makes these arrangements, these visits during June will take place at the professional's office or other location selected by the counselor, therapist, or clergy. The times for the visits must be at times that will not interfere with Bradley Gentz' work schedule. During these visits, the court expects that the parties present would be Bradley Gentz, the minor, and a licensed counselor, social worker, or clergy.
>
> In the month of July, visitation will be every other Saturday from noon to 4 p.m. There will also be visitation every Wednesday from 5 to 7 p.m. Regular visitation as set forth in the stipulation decree will resume in August 2014. The court believes that these limitations on visitation are necessary given the long period of time without visitation.
>
> On or before September 1, 2014, Erika Gentz shall file a statement with the court detailing her efforts to achieve visitation and detailing the dates and times that visitation has occurred. Bradley Gentz will file a response within two weeks after September 1, 2014, if he believes that Erika has not satisfactorily purged her contempt and if he believes the jail sentence shall issue. Bradley Gentz may also file an appropriate affidavit bringing to the court's attention any failure to comply with the court's order between June and September.

A hearing was held on September 16, 2014, at which both parties appeared without counsel. On October 9, 2014, the court found Erika had not purged the contempt. In its written ruling, the court observed:

believes this is more the result of negative things that the girls have observed Erika say about and do to him than anything Bradley might have done or said to the girls. There is no good reason for Erika to ignore and disobey the visitation provisions of the Decree.

> The Decree entitles Bradley to visitation with [the children] every other weekend, but Erika has not provided Bradley visitation with the girls since August 10, 2014. It might be argued that Erika was justified in denying visitation for roughly three weeks while the Department of Human Services investigated a report of child abuse made against Bradley. The investigation was completed by September 2, 2014, and the report of abuse was not confirmed. Even after the investigation was done, Erika continued to deny Bradley any visitation. The refusal of Erika to provide Bradley visitation after September 2, 2014, is contrary to the Decree. Because Erika failed to purge her contempt, the Court concludes that the sanction originally fixed in the Contempt Order should be carried out.

Because Erika had not purged her contempt, the court ordered Erika to serve the thirty-day jail sentence. The court denied Erika's motion to reconsider, "remain[ing] convinced that the contempt sanction it imposed was appropriate and should be carried out," and rejecting her claims she was denied due process or her right to counsel.

On October 30, Erika filed a writ of certiorari from the October 9 order, which the supreme court transferred to this court. She contends the sentence of incarceration was illegal because it was entered in violation of her constitutional rights to counsel and to due process.

"Our review on certiorari is limited to determining whether the district court acted illegally or without jurisdiction." *Madyun v. Iowa Dist. Ct.*, 544 N.W.2d 441, 443 (Iowa 1996).

Erika argues she was denied the right to counsel. *See McNabb v. Osmundson*, 315 N.W.2d 9, 14 (Iowa 1982) (recognizing the right to counsel has been extended to civil contempt proceedings because imprisonment was a contemplated sanction). However, the record shows that at the start of the proceeding to determine whether Erika had purged her contempt, the district

court advised her that incarceration was a possible outcome following the hearing and asked whether she intended to proceed without counsel. Erika responded that she was prepared to proceed without counsel. *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) (noting right to counsel can be waived).

During the hearing she stated, "I'm just asking the Court to consider an opportunity for these children to be heard." Here, Erika argues she was denied the right to present her children as witnesses. The girls' written statements were in evidence.[3] The district court was not required to hear the testimony of the minor children. We find no violation of Erika's right to fundamental fairness or the right to be heard. *See Kirk v. Iowa Dist. Ct.*, 508 N.W.2d 105, 108-09 (Iowa Ct. App. 1993) ("The essential [due process] requirement is one of 'fundamental fairness.'").

Erika also contends the evidence does not support the June 2014 finding of contempt. However, that claim is untimely and we do not have jurisdiction to address it. *See Hutcheson v. Iowa Dist. Ct.*, 480 N.W.2d 260, 264 (Iowa 1992) (noting a petition for writ of certiorari challenging a contempt finding must be filed

---

[3] The following appears in the transcript:

>         THE COURT: Anything that's been filed with the Court, I have access to. And I believe it includes a letter from [H.S.]
>         [ERIKA] PETITIONER: Dated Wednesday, August 6.
>         THE COURT: One letter from [A.S.] One letter from [H.S.]
>         PETITIONER: When are those dated, Your Honor?
>         THE COURT: It appears one from [H.S.] has the date of August 6. And, um, August 6 is also the date of the letter from [A.S.]
>         PETITIONER: Okay.
>         THE COURT: All right.

After Bradley had asked questions of Erika, she asked to introduce two more letters from the children, which the court rejected because "[b]oth parties had an opportunity to present evidence they thought was pertinent."

within thirty days of the contempt order); *see also Madyun*, 544 N.W.2d at 443; *Greene v. Iowa Dist. Ct.*, 342 N.W.2d 818, 821 (Iowa 1981).

Finding no illegality or violation of her constitutional rights with respect to the order that Erika serve the sentence imposed for contempt, we annul the writ of certiorari.

**WRIT ANNULLED.**