# IN THE COURT OF APPEALS OF IOWA

No. 17-1657
Filed November 7, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS RAY DAVIS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

The district court treated the defendant's second motion to correct an illegal sentence as an appeal. **REVERSED AND REMANDED.**

Angela L. Campbell of Dickey & Campbell Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Bower and McDonald, JJ.

**POTTERFIELD, Presiding Judge.**

In August 2006, Thomas Davis was convicted of four counts of sexual abuse in the third degree. Each of the four counts was enhanced pursuant to Iowa Code section 901A.2(3) (2005) because of Davis's prior conviction for another sexually predatory offense. The district court sentenced Davis to four twenty-five-year terms of incarceration and ordered Davis to serve them concurrently. Originally, the court also imposed the special sentence of lifetime parole. *See* Iowa Code § 903B.1.

In 2017, Davis filed a motion to correct an illegal sentence, in which he argued that the application of the special sentence violated the ex post facto clause, as the special-sentence statute was not enacted until July 1, 2005 and the jury instructions at his trial advised the jury the acts were to have occurred between March 1 and September 15, 2005. The State filed a response conceding that Davis was correct, as there was "no way to determine whether the jury based its verdict on conduct that occurred before or after the effective date of the law." *State v. Lathrop*, 781 N.W.2d 288, 297 (Iowa 2010).

Davis was resentenced on August 17, 2017; the court again imposed four twenty-five-year terms, to be served concurrently.

On September 21, Davis mailed to the district court another motion to correct an illegal sentence. In it, Davis argued his sentence was illegal because he was never arraigned on nor received the amended trial information, which first contained the notice from the State that it was seeking application of the enhanced sentencing provision of section 901A.2(3)—changing the applicable sentence for each charge from ten years to twenty-five years. He maintained he knew at the

time of his trial that the State would be "using his prior conviction as evidence" but was not made aware of the ramifications of stipulating to the prior offense.

The district court issued an order in response, stating it "deem[ed] the present motion to be a de facto motion of appeal of the sentence imposed."[1] The appeal was ultimately transferred to this court.

After reviewing the record, we disagree with the district court's treatment of Davis's second motion as an appeal, as the second motion to correct an illegal sentence raised a new, different issue than his first motion. Moreover, Davis was successful on his first motion—which the State did not contest—and he was resentenced accordingly; it is unclear what he would have appealed regarding the ruling on his first motion. We reverse and remand to the district court for ruling on the second motion. We do not retain jurisdiction.

**REVERSED AND REMANDED.**

Bower, J., concurs; McDonald, J., dissents.

---

[1] We note that this would not have been a timely appeal, as more than thirty days had passed. *See* Iowa R. App. P. 6.101(1)(b). "An untimely appeal deprives the appellate court of subject matter jurisdiction, . . . as does an untimely petition for a writ of certiorari." *Madjun v. Iowa Dist. Ct.*, 544 N.W.2d 441, 443 (Iowa 1996) (citation omitted); *see also State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017) (noting the proper method to challenge the ruling on a motion to correct an illegal sentence is "applying for discretionary review" or "by petition for writ of certiorari").

**McDONALD, Judge.** (dissenting)

I would dismiss Davis's appeal for want of appellate jurisdiction. I thus respectfully dissent.

A "court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it." *State v. Propps*, 897 N.W.2d 91, 97 (Iowa, 2017). "Subject-matter jurisdiction over a claim is conferred either constitutionally or statutorily." *Id.* A criminal defendant has an appeal as a matter of right from the "final judgment of sentence." Iowa Code § 814.6(1)(a). Where the district court grants the defendant's motion for an illegal sentence and enters a new judgment of sentence, as was the case here, the defendant can appeal from the new judgment of sentence as a matter of right. *See Propps*, 897 N.W.2d at 97. Generally, "the notice of appeal must be filed within 30 days after the filing of the final order or judgment." Iowa R. App. P. 6.101(1)(b). The notice of appeal must be filed with the clerk of the district court where the order or judgment being appealed was filed. *See* Iowa R. App. P. 6.102(2). The timely filing of the notice of appeal is jurisdictional. *See Doland v. Boone Cty.*, 376 N.W.2d 870, 876 (Iowa 1985).

Davis failed to timely file his notice of appeal, and this court lacks jurisdiction over the case. Here, the district court granted Davis's motion to correct an illegal sentence. The district court resentenced Davis and entered judgment on August 17, 2017. The district court's judgment was a final judgment from which Davis had an appeal as a matter of right. *See Propps*, 897 N.W.2d at 97. Davis had thirty days from the date of judgment entry to appeal the district court's judgment of sentence, but he did not file a notice of appeal prior to the jurisdictional deadline.

Instead, after the deadline, Davis filed a pro se document captioned "motion to correct illegal sentence," which the district court treated as a notice of appeal. Whether the district court should have treated the motion as a notice of appeal is not relevant to the jurisdictional inquiry. The district court's treatment of the motion as a notice of appeal does not make an otherwise untimely notice of appeal timely or extend the jurisdictional deadline.

Because the defendant did not timely file his notice of appeal from the date of judgment entry, this court lacks jurisdiction over the appeal. *See Doland*, 376 N.W.2d at 876. I would dismiss the appeal form want of jurisdiction. Dismissal of the appeal works no detriment to the defendant. Because his motion was not decided on the merits, there is no procedural bar of which I am aware that would prevent the defendant from presenting a subsequent motion to correct illegal sentence.